**ANTONYAN LAW, APC**
Gor Antonyan, Esq. (354718)
gor@antonyanlaw.org
2600 West Olive Ave, 5th Floor
Burbank, CA 91505
Telephone: (949) 414-4303
Facsimile: (855) 646-7227

*Attorneys for Plaintiff,*
Andres Hinostroza

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDRES HINOSTROZA,**<br><br>Plaintiff,<br><br>v.<br><br>**MONARCH RECOVERY MANAGEMENT, INC.,**<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

- 1 -
COMPLAINT

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff **ANDRES HINOSTROZA** ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant **MONARCH RECOVERY MANAGEMENT, INC. (**Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.  Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.  Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692, *et. seq.* (FDCPA).

9.  The violations alleged herein against Plaintiff, at all relevant times herein, occurred in the County of Riverside, State of California, where Plaintiff resides.

10.  This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692(p) ("FDCPA"); and (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, et seq. ("RFDCPA").

11.  Because Defendant conducts substantial business within the State of California (including within the County of Riverside), personal jurisdiction is established.

12.  Venue is proper in this Court because the Defendant's actions giving rise to Plaintiff's harm occurred within the County of Riverside.

### PARTIES

13.  Plaintiff is a natural person who resides in the County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

14.  Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In

ANTONYAN LAW, APC
UPHOLDING RIGHTS ELEVATING STANDARDS

addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the State of Pennsylvania.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692(a)(6).

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). As well as arising out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Sometime prior to October 2025, Plaintiff incurred financial obligations to the original creditor were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d) and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, Plaintiff allegedly did not pay the alleged debt.

22. On information and belief, the aforementioned alleged debt was then transferred to Defendant in order to collect the alleged debt from Plaintiff.

23. As a result of Plaintiff's alleged delinquency, Plaintiff has received telephonic communications from Defendant attempting to collect Plaintiff's alleged debt.

24. These communications constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

25. On or around October 23, 2025, Defendant sent, and Plaintiff received, a text message that did not contain, anywhere in the text message, Defendant's California license number of a debt collector.

26. On or around November 3, 2025, Defendant sent, and Plaintiff received, a text message that did not contain, anywhere in the text message, Defendant's California license number of a debt collector.

27. On or around December 3, 2025, Defendant sent, and Plaintiff received, a text message that did not contain, anywhere in the text message, Defendant's California license number of a debt collector.

28. Plaintiff is informed and believes that Defendant has sent additional digital or written communications to her that failed to include Defendant's California debt collector license number.

29. Under Cal. Civ. Code § 1788.11 (f), "No debt collector shall collect or attempt to collect a covered debt by… Sending written or digital communication to the person that does not display the California license number of the collector, if applicable, in at least 12-point type."

30. Therefore, Defendant violated Cal. Civ. Code § 1788.11 (f) by sending Plaintiff written communications that did not contain Defendant's California license number of a debt collector.

31. Defendant's conduct also constitutes a violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

34. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

37. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant individually;

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

COMPLAINT

1692k(a)(2)(A), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

- Any and all other relief that this Court deems just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 30, 2026

Respectfully submitted,

**ANTONYAN LAW, APC**

By: _Gor Antonyan_

GOR ANTONYAN, ESQ.
ATTORNEY FOR PLAINTIFF

COMPLAINT